IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BALTAZAR LOPEZ-GARCIA, ) | |
| ) | |
| Petitioner, ) | Case No. CV 07-0441-E-EJL |
| ) | |
| v. ) | |
| ) | **INITIAL REVIEW ORDER** |
| LAWRENCE WASDEN, ) | |
| Idaho Attorney General, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Idaho state prisoner Baltazar Lopez-Garcia, currently housed in Texas, filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254. To proceed with a federal habeas corpus action, a state prisoner must allege that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

The Court is required to screen the Petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

## BACKGROUND

Petitioner pled guilty and was convicted of trafficking in methamphetamine and possession of a controlled substance with intent to deliver. The state district court sentenced him to twenty years in prison, with three years fixed, for trafficking, and fifteen years, with

**INITIAL REVIEW ORDER - 1**

five years fixed, for possession with intent to sell. On direct appeal, Petitioner unsuccessfully argued that his sentences were excessive. According to Petitioner, the direct appeal became final on March 13, 2006.

Petitioner filed the present federal habeas corpus action over eighteen months later, on October 15, 2007. He is also currently pursuing post-conviction relief in the state courts. In both state and federal court, Petitioner has apparently raised the same claims of ineffective assistance of trial and appellate counsel, arising under the Sixth and Fourteenth Amendments. He also claims that his guilty plea was not entered knowingly or voluntarily, in violation of his constitutional right to due process of law.

## REVIEW OF THE PETITION

Although Petitioner has alleged that he is in custody in violation of the United States Constitution, he appears to have initiated this case after the expiration of the statute of limitations in 28 U.S.C. § 2244(d). Specifically, under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must submit a federal habeas action within one year from the completion of direct review in state court or from the expiration of the time to seek direct review.

According to Petitioner, the direct appeal was final in state court on March 13, 2006; consequently, the judgment would have become final for purposes of the federal statute of limitations ninety days later, on June 11, 2006. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that direct review is final for purposes of § 2244(d)(1)(A) when the ninety-day period for filing a petition for writ of certiorari in the Supreme Court has expired).

The clock began to run the next day, and expired 365 days later on June 11, 2007, several months before the federal petition was filed. From the information currently available to the Court, it does not appear that any collateral matters were pending in state court that would toll (suspend) the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).

Nevertheless, Petitioner alleges that the limitations period should be tolled for fairness reasons ("equitable tolling") because he does not speak, write, or read English and because he has had only sporadic access to translation assistance during his incarceration in Texas. (Docket No. 3, pp. 3-4.) If true, this may be a reason to equitably toll the limitations period. *See, e.g., Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006).

However, in addition to filing a timely petition, a habeas petitioner must also exhaust his state court remedies as to all of his constitutional claims. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies are exhausted when no avenue of relief remains available in state court. 28 U.S.C. § 2254(b)(1). State court remedies have been *properly* exhausted when the petitioner raised his claims at each level of the state's appellate review process, giving the state courts a full and fair opportunity to pass on and correct the alleged error. *Baldwin v. Reese*, 541 U.S. 27 (2004).

Petitioner admits that he has not yet fairly presented his constitutional claims to the Idaho Supreme Court, meaning that these claims are either unexhausted, if a potential state court remedy still exists, or technically exhausted but procedurally defaulted if no remedy remains available. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The resolution

of this issue may depend on the manner in which the state court disposes of Petitioner's current application for state post-conviction relief. Like the federal petition, the state application also appears to be untimely, *see* Idaho Code § 19-4902 (application must be filed within one year after direct appeal), but equitable tolling is available under Idaho law when a prisoner has been denied access to the courts, a circumstance that may or may not exist here. *See Sayas v. State*, 88 P.3d 776, 778 (Idaho Ct. App. 2003); *Isaak v. State*, 972 P.2d 1097, 1098 n. 1 (Idaho Ct. App. 1999). If the state court were to find equitable tolling to be applicable, and if it were to hear Petitioner's claims on the merits, then he may either receive the relief he seeks in state court or he could properly exhaust his constitutional claims, making them ripe for federal review. To that end, Petitioner has asked that the federal case be stayed until the pending state court matter is resolved.

The Court agrees that it would be in the interests of comity, federalism, and judicial economy to await the conclusion of the current post-conviction action in state court before litigating the federal matter. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Accordingly, the federal case shall be stayed until Petitioner either receives relief in state court or until the state court matter has become final after the Idaho Supreme Court issues its remittitur on appeal.

To ensure that the federal case does not sit idle on the Court's docket for a significant period of time, it shall be administratively terminated. Administrative termination is for internal Court purposes only and does not affect the rights of either party. Petitioner's

original filing date shall be preserved. Petitioner shall file a motion to reopen this case within fourteen days of the completion of the state court matter.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's motion to stay this case, contained within his Petition for Writ of Habeas Corpus, is GRANTED. This case shall be stayed pending the completion of Petitioner's current post-conviction proceeding in state court.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively terminate this case. Petitioner shall file a motion to reopen this matter within fourteen (14) days after the completion of his state court post-conviction proceeding.

DATED: **January 16, 2008**

Honorable Edward J. Lodge
U. S. District Judge